HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNE GIROUX, | CASE NO. C14-5302 RBL |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| CHILD PROTECTIVE SVCS DEPT OF SOCIAL & HEALTH SVCS FOR ST OF WA, et al., | [DKT. #1] |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Giroux's Motion for Leave to proceed *in forma pauperis*. [Dtk. #1].

Plaintiff's proposed 106 page complaint appears to arise out of a child custody dispute over her two children, KK and CK, one of whom was apparently born with a heart defect. The Complaint is otherwise largely incomprehensible. The lengthy narrative begins with the child's birth and detailed medical history, but does not ever articulate what any of the defendants did, or when, or why they are being sued. At some point the compliant morphs into what appear to be excerpts of briefs filed in other cases, replete with citations to, and long discussions of, other cases. The basis for this Court's jurisdiction over the claims is not articulated.

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 1

1    It also seems highly probable that there was at least one prior state court case over the
2 alleged "seizure" of her children by Child Protective Services—an event alluded, to but not
3 described.
4    A district court may permit indigent litigants to proceed *in forma pauperis* upon
5 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad
6 discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
7 actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th
8 Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed
9 *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the
10 action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
11 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*
12 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*
13 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
14 1984).
15    Under Fed. R. Civ. P. 8, a complaint should include a short and plain statement of the
16 facts and of the plaintiff's claim:
17    (a) Claim for Relief. A pleading that states a claim for relief must contain:
18       (1) a **short and plain statement** of the grounds for the court's **jurisdiction**, unless
         the court already has jurisdiction and the claim needs no new jurisdictional
19       support;
         (2) a **short and plain statement** of the **claim** showing that the pleader is entitled to
20       relief; and
         (3) a demand for the **relief sought**, which may include relief in the alternative or
21       different types of relief.
22    Plaintiff's complaint as currently articulated does not meet Rule 8's pleading standard,
23 and it does not meet the standard for prceeding *in forma pauperis*.
24

1     The Motion for Leave to proceed *in forma pauperis* is DENIED.  Plaintiff shall pay the
2 filing fee or file an Amended Complaint within 15 days of this Order.  Any Amended Complaint
3 should articulate this Court's jurisdiction, and the "who what when where and why" of the facts.
4 It should delete extraneous references to other legal authority, other briefs, and detailed medical
5 discussions.

6     IT IS SO ORDERED.

7     Dated this 5th day of May, 2014.

                                    RONALD B. LEIGHTON
                                    UNITED STATES DISTRICT JUDGE